# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Trisha Tshudy

## DEFENDANTS
Pennsylvania State University

**(b)** County of Residence of First Listed Plaintiff: Lebanon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of William C. Reil, 1420 Locust Street, Suite 420, Philadelphia, PA 19102, 215-564-1635

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Plaintiff illegally prohibited from completing law school.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Injunctive Relief

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: August 21. 2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ William C. Reil

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __762 Palmyra Bellegrove Road, Annville, PA 17003__

Address of Defendant: __1600 Woodland Road, Abington, PA 19001__

Place of Accident, Incident or Transaction: __Pennsylvania State University__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☉ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/21/2022__   __/s/ William C. Reil__   __26833__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.  *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __William C. Reil__, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __08/21/2022__   __/s/ William C. Reil__   __26833__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635                                           ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA 17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | NO. |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

## COMPLAINT - CIVIL ACTION

### PARTIES

1. The plaintiff is Trisha Tshudy, who is an adult individual residing at the address in the caption.

2. The defendant is Penn State University, a state-related educational entity of the Commonwealth of Pennsylvania, whose address for service of process is indicated in the caption.

### JURISDICTION AND VENUE

3. The Court has jurisdiction under the Due Process clause of the United States Constitution and the Civil Rights Act, 42 U.S.C. 1983, with pendent jurisdiction to consider any claims arising under state law.

4. Venue is properly before the Court, since defendant is located and conducts business in the Eastern District of Pennsylvania.

### GENERAL ALLEGATIONS

5. Plaintiff is a law student at the Dickinson Law School of the Pennsylvania State University.

6. At all times material herein, plaintiff is scheduled to begin her third and last year

at Dickinson Law School, which commences August 22, 2022.

7. Plaintiff had suffered from Neurological Lyme Disease (cerebral borreliosis) and co-infections, immunological conditions, for years prior to her diagnosis in 2009 and has received aggressive treatment since.

8. Ms. Tshudy received a scholarship to the Dickinson Law School in 2019 to be implemented in Fall of 2020.

9. At all times material herein, plaintiff received accommodations from Penn State, based on submitted medical data and her previous history of accommodations, which were essential to the completion of her undergraduate degree and were implemented for the three semesters during COVID that included the potentially life-saving precaution of taking her courses online due to her immunological condition.

10. At the end of the Fall 2021 semester, Penn State University discriminated against the plaintiff, violating her rights under the ADA, when the school refused to honor the agreed upon accommodations and required her to come to the campus for her online exams despite the threat to her health.

11. This act of discrimination and breach of agreement caused the plaintiff to overexpose her immune system and resulted in severe illness of which the administration was informed.

12. The plaintiff's in-person request for any relief options including, but not limited to, delay of the due date for her seminar paper to adjust for the resulting illness, were all denied. As such, she was forced to complete all finals while severely ill and submit a paper, which was incomplete, while under threat that delayed submission would mean course failure.

13. Plaintiff was accused of a violation of the honor code, essentially plagiarism,

when she submitted said paper for Adjunct Professor James M. Gould. She received a grade of "F" for his course and plaintiff is requesting rescission of that grade.

14. Professor Gould never communicated with plaintiff before he made allegations of plagiarism.

15. Plaintiff had a hearing on or about January 14, 2022 at which Penn State found against her and her scholarship was revoked. A month later, immediately after inquiring about her affirmative action rights but without any prior notice, her scholarship was retroactively revoked with threat that delayed payment can lead to permanent dismissal from the law school. A true and correct copy of the letter from Dean Danielle M. Conway on February 16, 2022 revoking the scholarship is attached and incorporated as Exhibit A.

16. After inquiring to administration about her rights, Plaintiff's repeated attempts to contact the Financial Aid office to explore temporary payment options as recommended in the letter went unanswered. Plaintiff then inquired of the Bursar's Office for the same information and was told that her scholarship could not be revoked at that time because Dickinson had not followed proper procedures.

17. Plaintiff was then instructed by Dean Conway not to speak to anyone about the information that she received from the Bursar's Office.

18. At Plaintiff's hearing, she did not have the opportunity to have counsel or expert advice concerning a similarity checker called Turnitin or the previous computer system used by the University, which results substantially diverged from each other.

19. Plaintiff was denied due process at her honor code hearing.

20. Penn State violated its own procedures (and possibly state law by retroactively revoking PA Scholars Award) by retroactively confiscating scholarship funds.

21. Penn State originally submitted plaintiff's paper to a computer similarity checker, and when that result was not to the University's liking, Penn State then submitted the paper in question to a different similarity checker, Turnitin.

22. Plaintiff's disability accommodation by Dickinson was violated, *inter ali*a, because she was required to take her final examinations on campus.

## SUMMARY

23. The gravamen of this lawsuit arises out of the violation of plaintiff's due process rights and rescission of her scholarship, going into her third year of law school at Dickinson. Plaintiff was denied rudimentary due process at her honor code hearing, was denied counsel, and was forced to confront a so-called similarity checker, *inter alia*. These machines were not used in plaintiff's other courses.

24. Dickinson discriminated against the plaintiff by violating her right to accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized on which the plaintiff detrimentally relied. Plaintiff was required to take her online final exams on campus when such action was deleterious to her health.

25. When plaintiff learned from the Bursar's Office that her scholarship had been revoked without proper procedure, her First Amendment rights were then violated. She was instructed by Dean Conway not to speak with anybody on campus concerning what the Bursar had told her. Defendant retaliated and discriminated against plaintiff arising out of exercise of her rights as a disabled person. The effectual refusal to allow financial services to communicate with the Plaintiff until the completion of the affirmative action review is retaliation.

# FIRST CAUSE OF ACTION
# TRISHA TSHUDY V. ALL DEFENDANTS

26. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

27. This cause of action is for violation of plaintiff's due process rights when Penn State conducted an honor code hearing concerning alleged plagiarism by plaintiff.

28. Plaintiff was not given counsel at the hearing.

29. Penn State used a different similarity checker named Turnitin, when the original similarity checker did not reveal what the University had hoped to prove.

30. The University had no published standards for any computer similarity checker.

31. Plaintiff was forced to confront similarity checkers which were expert computer systems without any expert advice or testimony on her part.

32. Plaintiff was not allowed to appropriately cross-examine her accusers, nor confront the evidence and witnesses against her.

33. Ms. Tshudy's paper was illegally submitted to Turnitin by defendant, since her permission was a *sine non qua* for the use of Turnitin.

34. The Turnitin End-User License Agreement requires that Tshudy would have had to agree to what defendant did surreptitiously and without her consent. In the case of *A.V. v. Iparadigms, Limited Liability Company*, 544 F. Supp. 2d 473 (E.D. Va. 2008), a civil action, United States District Judge Claude M. Hilton in an Opinion on 03/11/08, discusses the nature of Turnitin in a Memorandum Opinion. Judge Hilton, on page 2 of his Opinion, references the user agreement and indicates that Turnitin can only be used if the student clicks "I Agree". It is argued that there is no dispute that Penn State submitted Tshudy's paper to Turnitin in violation of the law.

35. As a result of the conduct of Penn State and the Dickinson Law School, and

their agents, the civil rights of plaintiff under 42 U.S.C. 1983 and Due Process rights of plaintiff were violated as set forth herein.

36. Plaintiff has suffered damages, including but not limited to, failure to receive a Juris Doctor degree, loss of required internships, loss of opportunity for further employment, and loss of her tuition, and the cost of books and incidental expenses, as well as loss of future earnings and earning capacity. Plaintiff also suffered damages arising from the arbitrary actions of the defendant in failing to allow plaintiff to complete her course of studies and revocation of her scholarship, as well as severe emotional distress and loss of life's pleasures.

WHEREFORE, plaintiff requests damages in excess of $150,000 at Trial, plus interest, costs, and attorney's fees, if applicable, as well as reinstatement and any appropriate injunctive or judicial relief.

## SECOND CAUSE OF ACTION
## TRISHA TSHUDY V. ALL DEFENDANTS

37. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

38. At all times material herein, Trisha Tshudy suffered from a serious immunological disease which placed her in the high risk/life threatening population during the COVID pandemic.

39. Ms. Tshudy was granted remote enrollment for the Fall 2020, Spring 2020, and Fall 2021 semesters as a disability accommodation from Penn State.

40. Ms. Tshudy relied on the representations of Penn State to her detriment.

41. Penn State discriminated against Ms. Tshudy bu forcing her take her Fall 2021 examinations on campus to the detriment of her health.

42. Penn State violated its promises to Ms. Tshudy and obligations under the

University disability procedures and the Americans with Disability Act. Plaintiff relied on these promises to her detriment.

43. Plaintiff has suffered damages, including but not limited to, failure to receive a Juris Doctor degree, loss of required internships, loss of opportunity for further employment, and loss of her tuition, and the cost of books and incidental expenses, as well as loss of future earnings and earning capacity. Plaintiff also suffered damages arising from the arbitrary actions of the defendant in failing to allow plaintiff to complete her course of studies and revocation of her scholarship, as well as severe emotional distress and loss of life's pleasures.

WHEREFORE, plaintiff requests damages in excess of $150,000 at Trial, plus interest, costs, and attorney's fees, if applicable, as well as reinstatement and any appropriate injunctive or judicial relief.

## THIRD CAUSE OF ACTION
## TRISHA TSHUDY V. ALL DEFENDANTS

44. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

45. This is a cause of action is for violation of plaintiff's First Amendment rights as well as 42 USC 1983, the Civil Rights Act.

46. When the plaintiff inquired about her affirmative action rights, Penn State immediately revoked plaintiff's scholarship and the Carlisle Campus Financial Office refused to communicate regarding account resolution options, so the plaintiff contacted the Bursar's Office at Penn State.

47. Ms. Tshudy was advised by the Bursar's Office that her scholarship MUST have been accidentally revoked because it cannot be retroactively revoked once credited to the account, and the law school and University had not followed their own process, and defendant acted without the certification required by their own policy.

48. When she advised the law school concerning this, she was told by Dean Conway that she was forbidden to discuss this with any Penn State employees. A true and correct copy of the June 7, 2022 letter of Dean Conway is attached and incorporated as Exhibit B.

49. This was a clear attempt by the law school to silence plaintiff and abrogate her First Amendment rights in order to cover up an alleged mistake by defendant.

50. Defendant is on notice of this action. On August 9, 2022 undersigned counsel sent a letter of representation to Penn State. Plaintiff executed a FERPA form for educational records from Penn State. Counsel for Penn State sent educational records to undersigned counsel. A true and correct copy of the letter of representation to Penn State is attached and incorporated as Exhibit C.

51. Plaintiff has suffered damages, including but not limited to, failure to receive a Juris Doctor degree, loss of required internships, loss of opportunity for further employment, and loss of her tuition, and the cost of books and incidental expenses, as well as loss of future earnings and earning capacity. Plaintiff also suffered damages arising from the arbitrary actions of the defendant in failing to allow plaintiff to complete her course of studies and revocation of her scholarship, as well as severe emotional distress and loss of life's pleasures.

WHEREFORE, plaintiff requests damages in excess of $150,000 at Trial, plus interest, costs, and attorney's fees, if applicable, as well as reinstatement and any appropriate injunctive or judicial relief.

Respectfully submitted,

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/21/22

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"



**PennState Dickinson Law**

Danielle M. Conway
Dean and Donald J. Farage Professor of Law
Dickinson Law
The Pennsylvania State University
Lewis Katz Hall
150 South College Street
Carlisle, PA 17013

717-240-5208
dzc5647@psu.edu
dickinsonlaw.psu.edu

February 16, 2022

Ms. Trisha Tshudy
762 Palmyra Bellegrove Road
Annville, PA 17003

Dear Ms. Tshudy:

When you were admitted to Penn State Dickinson Law, you were awarded a full-tuition scholarship. Your acceptance letter stated that your scholarship would be renewed provided that you remained in good standing under both the Academic Rules and the Honor Code. As well, Dickinson Law's policy regarding scholarship retention is stated on the Law School's website: https://dickinsonlaw.psu.edu/grants-and-scholarships.

As a result of your Honor Code violation, your scholarship will be revoked for the current semester and for the 2022-2023 academic year. Your balance due to the University for the current semester will be $26,688 in the absence of your scholarship credit. You will see this change reflected in your student account as soon as the Bursar's office processes your scholarship revocation. Should you need to borrow loans to cover this balance or any future balance in subsequent semesters, please contact Rebecca Schreiber, Director of Admissions & Financial Aid, at rms822@psu.edu. Please note that Dickinson Law will not retroactively revoke the scholarship that you received for the three prior semesters during which you were enrolled.

Sincerely,

Danielle M. Conway
Dean and Donald J. Farage Professor of Law

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

**From:** Conway, Danielle M <DanielleConwayDickinsonLaw@psu.edu>
**Sent:** Tuesday, June 7, 2022 7:58 PM
**To:** Tshudy, Trisha R <trt5096@psu.edu>
**Cc:** Gaudion, Amy C. <acg14@psu.edu>; Saidman-Krauss, Bekah Anna <ras1075@psu.edu>; Schreiber, Rebecca M <rms822@psu.edu>; Orner, Doris Louise <dlo3@psu.edu>; Burd, Jessica Lynn <jlb5055@psu.edu>
**Subject:** RE: Notice of Revocation of Scholarship

Dear Ms. Tshudy,

I have received the notes from the University Bursar about your calls to their office. I confirmed that you contacted Penn State University Bursar and Student Financial Services on April 6, 2022. The Bursar's Office confirmed that you communicated to them that your scholarship was "removed in error." I also confirmed that on April 27, 2022 the Bursar's Office instructed you to contact the Dickinson Law Financial Aid Office.

Again, I direct you to await the decision of the Affirmative Action Office. Until then, please refrain from communicating to employees of Penn State University and Dickinson Law that there was an administrative mistake regarding the revocation of your scholarship.

Warmest,
Dean Conway

**Danielle M. Conway**
Dean and Donald J. Farage Professor of Law
Dickinson Law
The Pennsylvania State University
127C Lewis Katz Hall
150 S. College Street
Carlisle, PA 17013
717-240-5208

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

# EXHIBIT "C"

**William C. Reil, Esquire**
1420 Locust Street, Suite 420, Philadelphia, PA 19102
Tel: 215-564-1635 Fax: 215-564-4292
BillReilLaw@gmail.com

August 9, 2022                         **BY EMAIL and REGULAR MAIL**
president@psu.edu

Neeli Bendapudi, PhD
Office of the President
Pennsylvania State University
210 Old Main
University Park, PA 16802

       Re: Trisha Tshudy v. Penn State University, et al
           **Letter of Representation, Request to Speak with Counsel, Injunctive Relief**

Dear President Bendapudi:

Please be advised that I represent Trisha Tshudy, a student going into her third year at Penn State University, Dickinson Law School. Ms. Tshudy was diagnosed with neurological Lyme disease in 2009. My client uses a service dog. She was awarded a scholarship by the Dickinson Law School in 2020. She was also given disability accommodations pursuant to the ADA by the law school after submitting substantial medical evidence. I write because my client had her accommodations violated, her scholarship revoked, and thus cannot continue at Dickinson Law School. This resulted from extremely unfair and illegal treatment by the law school. I understand that Dickinson begins classes on August 22, 2022. It is urged that you independently investigate this matter to ascertain the truth for yourself.

Penn State not only violated her rights to reasonable accommodations under the ADA, but also her procedural and substantive due process rights, as well as exercise of the First Amendment. Ms. Tshudy received written notice from the law school that she could not communicate concerning her illegal treatment to other persons at the law school. It was medically necessary for her to continue remotely with her studies, but Ms. Tshudy was suddenly told that she had to report to the campus to take her final exams. This was in contravention of her medical needs as a result of the immunological disorder. This action coupled with the refusal of staff to ameliorate the effects of this breach led to additional harm. She was then accused of plagiarism in a proceeding which was in total derogation of due process. Similarity checkers were manipulated to give negative results against my client. She was effectively denied representation at her hearing. My client detrimentally relied on the promises of the law school, which promises were breached.

These episodes severely violated Ms. Tshudy's rights and have effectively terminated her future career as an attorney. I am in the process of preparing a complaint and requesting injunctive relief. I would appreciate it if you would refer this letter to your counsel so I can discuss the matter with them as soon as possible.

Sincerely yours,

*William C. Reil*

William C. Reil
WCR/mr

cc: Trisha Tshudy