| | | |
|---|---|---|
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA  17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | 2:22-cv-03336 |
| PENNSYLVANIA STATE UNIVERSITY | : | |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

## ORDER FOR A PERMANENT AND/OR PRELIMINARY INJUNCTION

     AND NOW, this _____ day of _____, 2022, upon consideration of plaintiff's motion for a permanent and/or preliminary injunction, it is hereby ORDERED and DECREED that defendant is enjoined from taking any action barring plaintiff from completing her third year as a law student at Dickinson Law School of Pennsylvania State University or revoking her scholarship.

                                            BY THE COURT:

                                            _____
                                                                    J.

| | | |
|---|---|---|
| LAW OFFICES OF WILLIAM C. REIL | | |
| BY: WILLIAM C. REIL, ESQUIRE | | |
| Identification No. 26833 | | |
| 1420 Locust Street, Suite 420 | | |
| Philadelphia, PA 19102 | | |
| 215-564-1635 | : | ATTORNEY FOR PLAINTIFF |
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA 17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | 2:22-cv-03336 |
| PENNSYLVANIA STATE UNIVERSITY | : | |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION FOR
A PERMANENT AND/OR PRELIMINARY INJUNCTION**

Plaintiff, Trisha Tshudy, through her undersigned counsel, requests the Court to Order a Preliminary and/or Permanent Injunction, and in support thereof, it is averred as follows:

1. The plaintiff is Trisha Tshudy, who is an adult individual residing at the address in the caption, and who is a law student at Pennsylvania State University, Dickinson Law School, who is going into her third and final year.

2. The defendant is Pennsylvania State University, a university of the Commonwealth of Pennsylvania with address in the caption.

3. On or about 08/21/22, plaintiff filed a complaint for violation of her constitutional rights, alleging that her scholarship was illegally revoked and she was barred from attending her third year at Dickinson Law School.

4. Unless defendant is enjoined from revoking plaintiff's scholarship, she will suffer immediate and irreparable harm for which plaintiff has no adequate remedy at law.

5. Plaintiff was barred from completing her third year at Dickinson Law School

arising out of the letter which she received on 02/16/22.  A true and correct copy of this letter is attached and incorporated as Exhibit "A" to the complaint.

6. The factual basis and legal grounds for this Motion are contained in the complaint, and it is averred that plaintiff's right to relief is clear.

7. Plaintiff avers that she is likely to succeed on the merits of the claim.

WHEREFORE, Plaintiff requests the Court to award appropriate legal, equitable and injunctive relief.

Respecfully submitted,

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/21/22

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635                                          ATTORNEY FOR PLAINTIFF

| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA 17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | 2:22-cv-03336 |
| PENNSYLVANIA STATE UNIVERSITY | : | |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PERMANENT AND/OR PRELIMINARY INJUNCTION

### I. BACKGROUND

The pertinent facts set forth in plaintiff's complaint are incorporated herein by reference. Paragraphs 23-25 inclusive of the complaint, which constitute a summary, are as follows:

23. The gravamen of this lawsuit arises out of the violation of plaintiff's due process rights and rescission of her scholarship, going into her third year of law school at Dickinson. Plaintiff was denied rudimentary due process at her honor code hearing, was denied counsel, and was forced to confront a so-called similarity checker, *inter alia*. These machines were not used in plaintiff's other courses.

24. Dickinson discriminated against the plaintiff by violating her right to accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized on which the plaintiff detrimentally relied. Plaintiff was required to take her online final exams on campus when such action was deleterious to her health.

25. When plaintiff learned from the Bursar's Office that her scholarship had been revoked without proper procedure, her First Amendment rights were then violated. She was instructed by Dean Conway not to speak with anybody on campus concerning what the Bursar had told her. Defendant retaliated and discriminated against plaintiff arising out of exercise of her rights as a disabled person. The effectual refusal to allow financial services to communicate with the Plaintiff until the completion of the affirmative action review is retaliation.

At this time, plaintiff has been barred from attending her third year at the Dickinson Law School and her scholarship has been revoked.

## II. ARGUMENT AND CONCLUSION OF LAW

### Requirement for a Preliminary Injunction

To secure preliminary injunctive relief, plaintiff must establish her need for immediate relief by showing (1) she is likely to succeed on the merits; and (2) denial of preliminary injunctive relief will result in irreparable harm to her before a trial on the merits can take place.  See *BP Chems. Ltd. V. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d Cir. 2000).  When reviewing an application for preliminary injunctive relief, the Court should also consider whether (3) granting an injunction will result in irreparable harm to the non-moving party and/or harm to the moving party outweighs the harm to the non-moving party and (4) granting the injunction is in the public interest.  See *Acierro v. New Castle Co.*, 40 F.3d 645, 647, 653 (3d Cir. 1994).

A plaintiff seeking a permanent injunction must demonstrate: (1) actual success on the merits of the underlying dispute; (2) irreparable injury; (3) the inadequacy of remedies available at law; (4) that the balance of hardship between the plaintiff and defendant weigh in favor of injunctive relief; and (5) that the public interest would not be disserved by the injunction.  See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001); *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 850 (3d Cir. 1984).

Plaintiff satisfies the requirements for the issuance of a preliminary injunction. Her dismissal was in violation of her due process rights, as well as a violation of the First Amendment, and her rights as a person with disability status.

## III. CONCLUSION

For all the foregoing reasons, plaintiff respectfully requests this Court to grant a Preliminary and/or Permanent Injunction as indicated on the proposed Order.

Respectfully submitted,

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/21/22

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

|  |  |
|---|---|
| _____ | Regular First Class Mail |
| _____ | Facsimile |
| _____ | Certified Mail |
| _____ | Hand-Delivered |
| _____X_____ | Electronic Filing |
| _____ | Federal Express |

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/21/22