IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRISHA TSHUDY,**<br>Plaintiff,<br><br>v.<br><br>**PENNSYLVANIA STATE UNIVERSITY,**<br>Defendant. | **CIVIL ACTION**<br><br><br><br><br>NO. 22-3336 |

# O R D E R

**AND NOW**, this 26th day of August, 2022, upon consideration of Plaintiff Trisha Tshudy's Motion for a Permanent/Preliminary Injunction (ECF No. 2), it is **HEREBY ORDERED** that said Motion is **DENIED WITHOUT PREJUDICE**.[i]

BY THE COURT:

/s/ Hon. Wendy Beetlestone
_____
**WENDY BEETLESTONE, J.**

---

[i] Plaintiff's brief is remarkably short. Her "argument" is only a page long, and consists of a recantation of the requirements for preliminary and permanent injunctions and two conclusory sentences which state: "Plaintiff satisfies the requirements for the issuance of a preliminary injunction. Her dismissal was in violation of her due process rights, as well as a violation of the First Amendment, and her rights as a person with a disability status." Plaintiff's Motion falls short of several procedural requirements.

First: it does not define the scope of the injunction sought, or what action she seeks to enjoin. The only indication of the injunction's scope comes from Tshudy's proposed order, which states that "defendant is enjoined from taking any action barring plaintiff from completing her third year as a law student at Dickinson Law School of Pennsylvania State University or revoking her scholarship." To be issued, an injunction must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts retrained or required." Fed. R. Civ. P. 65(d). That is because "the person enjoined must . . . 'receive fair and precisely drawn notice of what the injunction actually prohibits.'" *Ideal Toy Corp. v. Plawner Toy Mfg. Corp.*, 685 F.2d 78, 84 (3d Cir. 1982) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 444 (1974).

Second: Plaintiff does not cite to much legal authority in support of her application for injunctive relief. The only cases cited in her Motion provide the standards for relief; she provides no other citations to law. The local rules of this Court require that every motion contain "a concise statement of the legal contentions and authorities relied upon in support of the motion." E.D. Pa. L. Civ. R. 7.1(c). This shortcoming is not a procedural peccadillo: "[f]ully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in

performing its duty, and ultimately in serving the ends of justice.  Any brief . . . or any other memorandum of law that is lacking even a modicum of these elements is woefully insufficient and inexcusable." *See Equip Fin., LLC v. Hutchison*, 2010 WL 3791481, at *4 (E.D. Pa. Sept. 24, 2010) (citing to E.D. Pa. L. Civ. R. 7.1(c)). (internal quotation marks omitted), *aff'd*, 487 F. App'x 25 (3d Cir. 2012).

Third: Plaintiff fails to apply the tests for preliminary and permanent injunctions to her situation and explain why her situation satisfies each of the factors.  As noted previously, Plaintiff's "argument" consists of two sentences which summarily conclude that she meets the requirements for a preliminary or permanent injunction and that her rights have been violated without any cogent explanation to support these statements.  Where, as here, a party's argument consists of no more than "conclusory assertion[s]," the argument is deemed waived. *See Reynolds v. Wagner,* 128 F.3d 166, 178 (3d Cir. 1997).  In making an argument, a party must "offer some argument or development of its theory", "cite relevant precedents" and "frame the issues for decision."  *United States v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010).  Absent cogent argument in support of Plaintiff's position, her argument must be ignored.  *Id.* (a litigant "must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits." (quoting *Shell Petrol., Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999)).  This Court's role is not to craft arguments for the parties, especially those represented by counsel.  *See Aliaj v. Atty Gen.*, 387 F. App'x 136, 138 (3d Cir. 2010).