| | | |
|---|---|---|
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA  17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | 2:22-cv-03336 |
| PENNSYLVANIA STATE UNIVERSITY | : | |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

### **ORDER FOR A PERMANENT AND/OR PRELIMINARY INJUNCTION**

AND NOW, this _____ day of _____, 2022, upon

consideration of plaintiff's motion for a permanent and/or preliminary injunction, it is

hereby ORDERED and DECREED that defendant is enjoined from taking any action

barring plaintiff from completing her third year as a law student at Dickinson Law

School of Pennsylvania State University or revoking her scholarship.

Plaintiff is to be immediately reinstated in Dickinson Law School of the

Pennsylvania State University in her third year to complete all requirements for

graduation, while the underlying litigation is addressed.


BY THE COURT:


_____

Beetlestone, J.

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102

| | | |
|---|---|---|
| 215-564-1635 | | ATTORNEY FOR PLAINTIFF |
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA  17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | 2:22-cv-03336 |
| PENNSYLVANIA STATE UNIVERSITY | : | |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S AMENDED MOTION FOR
A PERMANENT AND/OR PRELIMINARY INJUNCTION**

Plaintiff, Trisha Tshudy, through her undersigned counsel, requests the Court to Order a Preliminary and/or Permanent Injunction, and in support thereof, it is averred as follows:

**<u>Introduction</u>**

The plaintiff filed a complaint and motion for a permanent and/or preliminary injunction on August 21, 2022.  Defendant's counsel has agreed to accept service. There was a status conference with the Court on 8/26/22.  The Court issued an Order on that date dismissing plaintiff's motion for injunctive relief without prejudice.  This amended motion is in response to the Court's Order.

Plaintiff was to begin classes at Dickinson Law School on 8/22/22.

1. The plaintiff is Trisha Tshudy, who is an adult individual residing at the address in the caption and is a law student at Pennsylvania State University, Dickinson Law School, who is going into her third and final year.

2. Ms. Tshudy received a scholarship to Dickinson Law School in 2019.

3. Plaintiff has suffered from neurological Lyme disease and immunological problems since 2009, for which she received a disability accommodation from defendant.

4. Plaintiff received accommodations from Penn State University arising out of her immunological disorder which consisted of, *inter alia*, taking her classes and tests on-line to prevent the life-threatening exposure as a member of the COVID-19 high-risk community.

5. Penn State University discriminated against the plaintiff by revoking her remote accommodation at the end of the semester and forcing her onto campus despite the life-threatening risk it entailed. This resulted in severe illness as expected.

6. When this resulted in severe illness as expected, Penn State University further discriminated by refusing to communicate any alternatives to mitigate the academic detriment.

7. Ms. Tshudy received an honor code violation based on the analysis of the machine Turnitin. The University rejected an analysis more favorable to the plaintiff from a similarity-checker like Turnitin.  Immediately after inquiring about any affirmative action review of what transpired, plaintiff received a letter on February 16, 2022 from Dean Conway revoking her scholarship as a result of these findings.

8. Plaintiff has not been technically dismissed from law school and is eligible to attend, but her scholarship has been revoked and she has been illegally blocked from attending law school by the administration at Dickinson.

9. The defendant is Pennsylvania State University, a university of the Commonwealth of Pennsylvania with address in the caption.  At all times material herein, the defendant was a state actor.

10. On or about 08/21/22, plaintiff filed a complaint for violation of her

constitutional rights, alleging that her scholarship was illegally revoked and she was barred from attending her third year at Dickinson Law School.

11.  Plaintiff is currently eligible to attend her third year of law school based on her GPA, if the administration had not retaliated against her and refused to let her start classes, which began on 8/22/22.

12. Unless defendant is enjoined from revoking plaintiff's scholarship and required externship, she will suffer immediate and irreparable harm for which plaintiff has no adequate remedy at law.  If plaintiff is illegally barred from attending law school, her career as a lawyer will be terminated.  No amount of money can compensate plaintiff for the loss of the status and satisfaction as an attorney, or the ability to right wrongs in the public interest.

13. Plaintiff will be irreparably harmed, if she is not allowed to attend her third year of law school, because that will keep plaintiff from graduating and taking the bar exam.

14. Plaintiff is illegally being barred from completing her third year at Dickinson Law School arising out of the letter which she received on 02/16/22 revoking her scholarship.  A true and correct copy of this letter is attached and incorporated as Exhibit "A" to the complaint.

15. Plaintiff's complaint is incorporated herein.

16. It is averred that plaintiff's right to relief is clear:

(a) Plaintiff is eligible, but is being blocked from attending law school as retaliation for the exercise of her rights attendant to disability accommodations;

(b) Plaintiff received inappropriate due process when she was forced to confront a machine at her honor code hearing;

(c) Evidence was illegally accepted from Turnitin where there were no standards for such a machine, and plaintiff did not consent to the submission of her paper to this similarity checker;

(d) Ms. Tshudy was ultimately banned from the law school by defendant when she sought to assert her disability rights;

(e) Plaintiff's First Amendment rights were violated when she was instructed by Dean Conway not to discuss with any employees the Bursar's statement that her scholarship was illegally revoked, and the defendant used this to prevent any communication that could lead to temporary resolution of the plaintiff's account;

(f) Plaintiff's rights of due process were further violated when she was denied counsel, a hearing with cross-examination, and the ability to confront her accuser.

17. Plaintiff avers that she is likely to succeed on the merits of her claim, as heretofore stated. For this reason, defendant is blocking her access to the law school, until it is too late for her to attend.

18. The public interest in having competent lawyers exceeds any temporary inconvenience to the university, while plaintiff is attending law school.

WHEREFORE, Plaintiff requests the Court to award appropriate legal, equitable and injunctive relief.

Respectfully submitted,
/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/30/22

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102

| | | |
|---|---|---|
| 215-564-1635 | | ATTORNEY FOR PLAINTIFF |
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| 762 Palmyra Bellegrove Road | : | COURT FOR THE EASTERN |
| Annville, PA  17003 | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | 2:22-cv-03336 |
| PENNSYLVANIA STATE UNIVERSITY | : | |
| 1600 Woodland Road | : | |
| Abington, PA 19001 | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED
MOTION FOR A PERMANENT AND/OR PRELIMINARY INJUNCTION**

## I. BACKGROUND

The pertinent facts set forth in plaintiff's complaint are incorporated herein by reference. Paragraphs 23-25 inclusive of the complaint, which constitute a summary, are as follows:

23. The gravamen of this lawsuit arises out of the violation of plaintiff's due process rights and rescission of her scholarship, going into her third year of law school at Dickinson.  Plaintiff was denied rudimentary due process at her honor code hearing, was denied counsel, and was forced to confront a so-called similarity checker, *inter alia*. These machines were not used in plaintiff's other courses.

24. Dickinson discriminated against the plaintiff by violating her right to accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized on which the plaintiff detrimentally relied.  Plaintiff was required to take her online final exams on campus when such action was deleterious to her health.

25. When plaintiff learned from the Bursar's Office that her scholarship had been revoked without proper procedure, her First Amendment rights were then violated.  She was instructed by Dean Conway not to speak with anybody on campus concerning what the Bursar had told her.  Defendant retaliated and discriminated against plaintiff arising out of exercise of her rights as a disabled person. The effectual refusal to allow financial services to communicate with the Plaintiff until the completion of the affirmative action review is retaliation.

At this time, plaintiff has been barred from attending her third year at the Dickinson Law School and her scholarship has been revoked.

## II. ARGUMENT AND CONCLUSION OF LAW

### Requirement for a Preliminary Injunction

Plaintiff incorporates all prior paragraphs as though fully set forth herein.

To secure preliminary injunctive relief, plaintiff must establish her need for immediate relief by showing (1) she is likely to succeed on the merits; and (2) denial of preliminary injunctive relief will result in irreparable harm to her before a trial on the merits can take place. *BP Chems. Ltd. V. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 263 (3d Cir. 2000). When reviewing an application for preliminary injunctive relief, the Court should also consider whether (3) granting an injunction will result in irreparable harm to the non-moving party and/or harm to the moving party outweighs the harm to the non-moving party and (4) granting the injunction is in the public interest. *Frank Russell Co. v. Wellington Management Co.*, 154 F.3d 97, 101 (3d Cir. 1998). See also *Acierro v. New Castle Co.*, 40 F.3d 645, 647, 653 (3d Cir. 1994).

A plaintiff seeking a permanent injunction must demonstrate: (1) actual success on the merits of the underlying dispute; (2) irreparable injury; (3) the inadequacy of remedies available at law; (4) that the balance of hardship between the plaintiff and defendant weigh in favor of injunctive relief; and (5) that the public interest would not be disserved by the injunction. See *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001); *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 850 (3d Cir. 1984).

Plaintiff satisfies the requirements for the issuance of a preliminary injunction. Her dismissal was in violation of her due process rights, as well as a violation of the First Amendment, and her rights as a person with disability status.

Plaintiff will likely succeed on the merits, since there is no dispute that the University required her to take a final examination in person which was in violation of the right to reasonable accommodation.

The denial of preliminary injunctive relief will result in irreparable harm to Ms. Tshudy before her trial can take place on the merits, since plaintiff will not be able to complete her third year of law school unless she is immediately allowed to resume classes.

The granting of a preliminary injunction will cause little or no harm to defendant, and plaintiff will otherwise be barred from becoming an attorney.

Granting the preliminary injunction is in the public interest, since plaintiff did not receive due process and she has already demonstrated, through her receipt of a scholarship, her ability as a potential attorney which would benefit the public.

The degree of particularity required for an injunction depends on the nature of the subject matter. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191-92, 69 S.Ct. 497, 499-500, 93 L.Ed. 599 (1949).

A preliminary injunction is necessary to prevent imminent and irreparable harm to Trisha Tshudy's completion of her law school education and future as an attorney.

III. CONCLUSION

For all the foregoing reasons, plaintiff respectfully requests this Court to grant a Preliminary and/or Permanent Injunction as indicated on the proposed Order.

Respectfully submitted,
/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/30/22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

| | |
|---|---|
| _____ | Regular First Class Mail |
| _____ | Facsimile |
| _____ | Certified Mail |
| _____ | Hand-Delivered |
| _____X_____ | Electronic Filing |
| _____ | Federal Express |

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
08/30/22