# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Trisha Tshudy | |
|               *Plaintiff* | Civil Action No. 22-cv-03336 |
| v. | |
| Pennsylvania State University | Hon. Wendy Beetlestone |
|               *Defendant* | |

## THE PENNSYLVANIA STATE UNIVERSITY'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Defendant, The Pennsylvania State University ("PSU"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney, PC, hereby moves this Court for an Order transferring this matter to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C § 1404(a). In support thereof, PSU incorporates the accompanying Memorandum of Law in Support and proposed form of Order pursuant to L.C.R. 7.1(a).

Respectfully submitted,

Dated: September 2, 2022          **BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Geoffrey F. Sasso*
    Geoffrey F. Sasso (Pa. ID 202936)
    George Morrison (Pa. ID 203223)
    Erin Lucas Hamilton (Pa. ID 93852)
    Two Liberty Place
    50 S. 16th Street, Suite 3200
    Philadelphia, PA 19102
    P: 215-665-8700
    F: 215-665-8760
    geoff.sasso@bipc.com
    george.morrison@bipc.com
    erin.hamilton@bipc.com

*Attorneys for Defendant, The Pennsylvania State University*

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Trisha Tshudy | : |
| *Plaintiff* | : Civil Action No. 22-cv-03336 |
| v. | : |
| Pennsylvania State University | : Hon. Wendy Beetlestone |
| *Defendant* | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE PENNSYLVANIA STATE UNIVERSITY'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant, The Pennsylvania State University ("PSU"), by and through its undersigned counsel, submits this Memorandum of Law in Support of its Motion to Transfer Venue ("Transfer Motion") to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

1. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Trisha Tshudy ("Ms. Tshudy"), is a law student who recently completed her second year at Penn State Dickinson Law ("Dickinson Law") located in Carlisle, Pennsylvania. *See* ECF No. 1 Paras. 5-6 and 8. This matter arises from the revocation of Ms. Tshudy's scholarship to Dickinson Law in connection with an honor code violation. *See* ECF No. 1 Para. 15. More specifically, after an honor code hearing held in January 2022 (the "Honor Code Hearing"), Ms. Tshudy was found to have violated the Dickinson Law Honor Code by plagiarizing a final paper she submitted at the conclusion of the Fall 2021 semester – a finding which Ms. Tshudy did not at the time and still has yet to dispute. *See* ECF No. 1 at Paras. 13-15 and Affidavit of Dean Conway attached hereto as Ex. A at Paras. 4-7. Importantly, and while the Complaint is silent as to this fact, Ms. Tshudy was not expelled or suspended from Dickinson Law. She is still enrolled in the school and able to register for courses if she satisfies her outstanding tuition balance. *See* Ex. A Para. 8.

On August 21, 2022 Ms. Tshudy initiated the present action by filing a Complaint against PSU, purporting to assert three causes of action seeking compensatory damages as well as undefined injunctive relief. *See* ECF No.1. The three causes of action are untitled, and the related allegations are not entirely clear, making it difficult to discern the exact nature of Ms. Tshudy's claims. However, PSU's best efforts to understand the Complaint are as follows: Ms. Tshudy has asserted a due process violation based on some combination of her lack of legal counsel at the Honor Code Hearing and/or the use of Turnitin (*i.e.,* an internet-based plagiarism detection service) as evidence of her plagiarism. *See* ECF No. 1 First Cause of Action at p. 7.

Ms. Tshudy also appears to allege a First Amendment and Civil Rights Act violation related to the revocation of her scholarship. *See* ECF No. 1 Third Cause of Action at p. 9.

In addition, Ms. Tshudy asserts a claim of discrimination under the Americans with Disabilities Act. *See* ECF No.1 Second Cause of Action at p. 8. By way of background, Ms. Tshudy claims to suffer from Neurological Lyme Disease and, as a result, she applied for and received various accommodations from Dickinson Law. *See* ECF No. 1 at Paras. 7 and 9. At the end of the fall 2021 semester, Ms. Tshudy was required to take her online exams on campus, an event she claims was discriminatory.[1] *See* ECF No. 1 at Para. 10.

On August 22, 2022, Ms. Tshudy filed a "Motion for a Permanent and/or Preliminary Injunction" that did not identify what injunctive relief was being sought. *See* ECF No. 2. At an August 26, 2022 status conference, this Court denied Ms. Tshudy's Motion for a Permanent and/or Preliminary Injunction without prejudice noting (among other things) that it "does not define the scope of the injunction sought, or what action she seeks to enjoin." *See* ECF No. 9 (FN 1). On August 30, 2022, Ms. Tshudy filed an "Amended Motion for A Permanent and/or Preliminary Injunction" requesting that this Court enter an order enjoining PSU from "taking any action barring plaintiff from completing her third year as a law student at Dickinson Law School of Pennsylvania State University or revoking her scholarship" and also ordering that "Plaintiff is

---

[1] Not mentioned in Ms. Tshudy's Complaint is that her accommodations provided for online class attendance, not test-taking. Ms. Tshudy is, and has been aware at all times, that remote test-taking was not a part of her accommodations. Indeed, Ms. Tshudy was given written, advance notice on two occasions that she was required to take her Fall 2021 exams in-person on campus. For these exams (only one of which Ms. Tshudy was actually required to take in person on campus), Dickinson Law provided, *inter alia*, a private exam space (with an unobstructed pathway leading to it) and accommodations for Ms. Tshudy's service animal. Ms. Tshudy was also provided with pictures of the testing location so that she knew where to go on the day of her exam.

4

to be immediately reinstated in Dickinson Law School of the Pennsylvania State University in her third year to complete all requirements for graduation…" *See* ECF No. 10 Proposed Order.

A Rule 26 conference and initial disclosures have not yet occurred in this matter and discovery has not yet commenced.

2. LEGAL ARGUMENT

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The purpose underlying Section 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *See Bensalem Lodging Associates, LLC v. Holiday Hospitality Franchising, LLC,* 575 F.Supp.3d 532, 537 (E.D. Pa. 2021) *citing to Van Dusen v. Barrack,* 376 U.S. 612, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964). Furthermore, a district court "is vested with a wide discretion" in making transfer determinations under Section 1404(a). *Id.*

The analysis applied to a transfer request under 28 U.S.C. § 1404(a) generally has two components as follows: (1) both the original venue and the requested venue must be proper; and, if so, (2) the District Court must then must balance the convenience of the parties and witnesses and determine if the interests of justice would be better served by transfer. *Bensalem Lodging,* 575 F.Supp.3d at 537 *citing to Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 878-879 (3d. Cir. 1995). The District Court weighs both private and public interests in determining whether a transfer is warranted. *Bensalem Lodging,* 575 F.Supp.3d at 537.

In the present matter, the United States District Courts for the Eastern and Middle Districts of Pennsylvania are both proper venues for this matter and the weight of all relevant

5

private and public interests are served by transferring this matter to the Middle District of Pennsylvania. Thus, PSU's Transfer Motion should be granted.

      (a)      Venue is Proper in the Middle District of Pennsylvania

When reviewing a motion to transfer, the district court must first establish that the current and proposed venue are both proper. *Id.* 28 U.S.C. § 1391(b)-(c) states that venue is proper in any judicial district where any defendant resides and that a company resides in any judicial district where the defendant is subject to the court's personal jurisdiction. *See* 28 U.S.C. § 1391(b)(1) and (c)(2).

Here, this first component is met. Plaintiff does not dispute that venue is proper in the Eastern District of Pennsylvania as she chose to file her action here. Furthermore, the Eastern District of Pennsylvania houses several of PSU's Commonwealth Campuses. *See e.g., Cook Group, Inc. v. Purdue Research Foundation,* No. IP 02-0406-C-M/S, 2002 WL 1610951, *6 (S.D. Ind. June 24, 2002) (explaining that although Purdue University's main campus is in the Northern District of Indiana, venue is also proper in the Southern District of Indiana because it has extensive presence in the district including five branch locations for its School of Technology).

Although the Eastern District of Pennsylvania is likely a proper venue for this action, the Middle District of Pennsylvania is undoubtedly the more appropriate forum. First, Plaintiff's address as stated on her Complaint (ECF No. 1) is in Annville, Pennsylvania (Lebanon County) which is located in the Middle District of Pennsylvania. Moreover, Plaintiff's allegations and causes of action all arise from alleged actions and events that occurred during her studies, the Fall 2021 Exams, and the 2022 Honor Code Hearing at Dickinson Law in Carlisle, Pennsylvania (Cumberland County) in the Middle District of Pennsylvania. *See* Ex. A. Paras. 4-8. *See also*

ECF No. 1 Complaint at Paras. 5-15. Accordingly, venue is proper in the Middle District. *See* 28 U.S.C. § 1391(b)(2).

      (b)    Private and Public Interests Favor a Transfer to the Middle District of Pennsylvania in the Interest of Justice

Since venue is proper in the Middle District of Pennsylvania, the next step is for this Court to weigh the private and public interests implicated in the request for a transfer. Such factors include:

> The private interests have included: (i) plaintiff's forum preference as manifested in the original choice; (ii) the defendant's preference; (iii) whether the claim arose elsewhere; (iv) the convenience of the parties as indicated by their relative physical and financial condition; (v) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (vi) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
> The public interests have included: (i) the enforceability of the judgment; (ii) the relative administrative difficulty in the two fora resulting from court congestion; (iii) the local interest in deciding local controversies at home; (iv) the public policies of the fora; and (v) the familiarity of the trial judge with the applicable state law in diversity cases.

*See Bensalem Lodging*, 575 F.Supp.3d at 537 *citing to Jumara*, 55 F.3d at 879-880. Both the private and public relevant factors favor transfer under the circumstances.

      (i)    The Private Factors Weigh in Favor of Transfer

Of the six (6) private interest factors courts should consider in a Section 1404(a) transfer request, only one -- *i.e.,* plaintiff's forum preference -- weighs in favor of the Eastern District of Pennsylvania. However, a plaintiff's choice of forum "is not controlling or absolute" and receives less deference where, as here, the plaintiff chooses a forum other than her home forum. *See American Littoral Soc. v. U.S. E.P.A.,* 943 F.Supp. 548, 551 (E.D. Pa. 1996). A plaintiff's choice of forum is also given less deference in a § 1404(a) analysis where none of the alleged unlawful acts occurred there. *See Askerneese v. NiSource, Inc.* Civil Action No. 12-7167, 2013

WL 1389750, *2 (E.D. Pa. April 4, 2013). Plaintiff's Complaint states that she resides in Annville, Pennsylvania (which is in the Middle District)[2] and that all the events giving rise to her claims occurred at Dickinson Law which is located in Carlisle, Pennsylvania (also in the Middle District). *See* ECF No. 1 Paras 5-15. Thus under the present circumstances, where the Eastern District is not Ms. Tshudy's home forum and where none of the alleged unlawful acts occurred in the Eastern District, Ms. Tshudy's choice of forum should not be given much deference.

All other private interest factors weigh heavily in favor of transfer to the Middle District. Indeed, PSU's preference is that this action be litigated where all of the alleged events at issue occurred and where all evidence is located, which is in and around Carlisle, Pennsylvania (Cumberland County) in the Middle District. Ms. Tshudy, the Dickinson Law professors, students, and administrators who are potential witnesses, as well as all documentary evidence are primarily (if not entirely) located in the Middle District. *See* Ex. A. Paras. 9-12. Indeed, the single and only connection this case has to the Eastern District of Pennsylvania is that Plaintiff's legal counsel has an office in Philadelphia.

While potential non-party witnesses have not yet been determined, as this case is in its early stages and discovery (including Rule 26 initial disclosures) has not commenced, it is likely any potential non-party witnesses will also be located in the vicinity of Dickinson Law in Carlisle, Pennsylvania. *See Lindley v. Caterpillar, Inc.,* 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000) (noting that the convenience to non-party witnesses is a "particularly significant factor"). Such potential third-party witnesses would likely be beyond the subpoena power of the Eastern District of Pennsylvania for purposes of trial, hearings, and/or depositions as Carlisle is over 100

---

[2] At the Status Conference, Plaintiff's counsel represented that Plaintiff lives in New Jersey. However, New Jersey is not part of the Eastern District of Pennsylvania, resulting in Plaintiff's choice of venue still being afforded less deference.

miles from Philadelphia. *See* Fed. R. Civ. P. 45(c)(1)(A). There is no reason to require both non-party and party witnesses to travel over 100 miles to testify at trial or at a hearing in Philadelphia when a more appropriate forum exists closer to Dickinson Law where all the alleged actions that underlie Ms. Tshudy's Complaint occurred.

The final factor – ease of production of documents – weighs in favor of a transfer to the Middle District. While advances in technology have streamlined discovery, federal courts have held that this factor is still relevant and a court should not ignore the location of documents. *Abramson v. CWS Apt. Homes*, Civil Action No. 16-426, 2016 WL 6236370, *5 (W.D. Pa. Oct. 24, 2016). Here, the documents relating to Plaintiff's experiences as a student at Dickinson Law, the Honor Code Hearing, and the Fall 2021 Exams are located exclusively in the Middle District. *See* Ex. A. Para. 13.

In *Askerneese,* the District Court transferred the case from the Eastern District of Pennsylvania to the Western District of Pennsylvania where, as here, the only factor favoring the Eastern District was that the plaintiff had chosen it. *Id.* at *2. Indeed, in *Askerneese* (exactly as in this matter), all operative facts occurred in the transferee district, the access to sources of proof were in the transferee district, the plaintiff did not reside in the Eastern District, and the only connection the case had to the Eastern District was that the plaintiff's lawyer was located there. *Id.* As the instant matter offers the same circumstances, transfer is appropriate.

        (ii)    Public Factors Weigh in Favor of Transfer

A balancing of the public factors also weighs in favor of a transfer. The first factor – enforceability of a judgment – is neutral. Regarding the court congestion factor, figures from the National Judicial Caseload Profile from the United States Courts indicate that the volume of both new and backlogged cases is greater in the Eastern District than in the Middle District. For the 12 month period ending June 30, 2022, 6,498 new cases were filed in Eastern District but only

9

2,742 were filed in Middle District. As of June 30, 2022, the Eastern District had 9,429 pending matters, while the Middle District had 3,826 pending matters.[3]

The remaining public factors – local interest, public policies, and ability of the trial judge to apply state law - also weigh in favor of a transfer. This matter involves a dispute arising from an educational program operated through a PSU academic unit – Dickinson Law - located in Carlisle, Pennsylvania. None of the parties, witnesses, or claims have any connection with the Eastern District, and, thus, the Middle District would have an interest in deciding a local dispute. As to the last factor, this case involves claims under federal and Pennsylvania law and a judge in the Middle District of Pennsylvania is well equipped to decide these legal issues.

3.  CONCLUSION

For the foregoing reasons, The Pennsylvania State University respectfully requests that this Court transfer the instant action to the Middle District of Pennsylvania under 28 U.S.C. § 1404(a).

---

[3]United States District Courts — National Judicial Caseload Profile (June 30, 2022):
https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022_0.pdf

Respectfully submitted,

Dated:  September 2, 2022  **BUCHANAN INGERSOLL & ROONEY PC**

By*:  /s/ Geoffrey F. Sasso*
    Geoffrey F. Sasso (Pa. ID 202936)
    George Morrison (Pa. ID 203223)
    Erin Lucas Hamilton (Pa. ID 93852)
    Two Liberty Place
    50 S. 16th Street, Suite 3200
    Philadelphia, PA 19102
    P: 215-665-8700
    F: 215-665-8760
    geoff.sasso@bipc.com
    george.morrison@bipc.com
    erin.hamilton@bipc.com

*Attorneys for Defendant, The Pennsylvania State University*

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Trisha Tshudy | : |
| *Plaintiff* | : |
| v. | : Civil Action No. 22-cv-03336 |
| Pennsylvania State University | : |
| *Defendant* | : Hon. Wendy Beetlestone |

## CERTIFICATE OF SERVICE

I, Geoffrey F. Sasso, Esquire, hereby certify that, on September 2, 2022, a true and correct copy of the Pennsylvania State University's Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a), Memorandum of Law in Support and Proposed Order were electronically filed with the Court's ECF system and are available for viewing and downloading from the ECF system. The below was served via ECF:

William C. Reil, Esquire
Law Offices of William C. Reil
1420 Locust Street, Suite 420
Philadelphia, PA 19102
*Attorneys for Plaintiff, Trisha Tshudy*

                                               */s/ Geoffrey S. Sasso*
                                               Geoffrey F. Sasso, Esquire
                                               *Attorney for Defendant,*
                                               *The Pennsylvania State University*