| | | |
|---|---|---|
| TRISHA TSHUDY | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN |
| | : | DISTRICT OF PENNSYLVANIA |
| v. | : | |
| | : | 2:22-cv-03336 |
| | : | |
| | : | Honorable Wendy Beetlestone |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | JURY TRIAL DEMANDED |

## **ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant's Motion for Transfer of Venue and Plaintiff's response thereto, it is ORDERED that the motion is DENIED.

BY THE COURT:

_____

Beetlestone, J.

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635   ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| TRISHA TSHUDY | : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
| v. | : | |
| | : | 2:22-cv-03336 |
| | : | |
| | : | Honorable Wendy Beetlestone |
| | : | |
| PENNSYLVANIA STATE UNIVERSITY | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE

For the reasons set forth in the attached memorandum of law, Plaintiff Trisha Tshudy, by her undersigned counsel, moves the Court to deny Defendant's Motion for Transfer of Venue.

Respectfully submitted,
/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
Attorney I.D. No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA  19102
215-564-1635
09/12/22

LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635                                          ATTORNEY FOR PLAINTIFF

| TRISHA TSHUDY | : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|---|
| v. | : | 2:22-cv-03336 |
| | : | Honorable Wendy Beetlestone |
| PENNSYLVANIA STATE UNIVERSITY | : | JURY TRIAL DEMANDED |

## **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

Plaintiff, Trisha Tshudy, through her undersigned counsel, submits this Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue under 28 U.S.C. 1404(a), and in support thereof, it is averred as follows:

**FACTUAL OVERVIEW**

Plaintiff does not quarrel with most of the general law that defendant cites on transfer of venue to the Middle District of Pennsylvania, but plaintiff would dispute that the application of the law to the facts favors defendant.

Defendant cites a laundry list of people from Penn State in the Middle District, who supposedly have knowledge concerning this case. None appear to have personal knowledge. Interestingly, PSU fails to mention the most important witness who was an employee of Penn State, Adjunct Professor James M. Gould, Esquire. Mr. Gould is a practicing attorney at a law firm in King of Prussia, PA, which is in the Eastern District. (See Printout from the Disciplinary Board of PA, Exhibit A) Mr. Gould was an adjunct professor, a part-time employee of Penn State, who made charges of plagiarism against plaintiff in his course.

Mr. Gould taught the course in which plaintiff submitted her paper and he recommended that it be run through similarity checkers. Professor Gould made the initial charges against plaintiff and testified at the honor board hearing. Mr. Gould is the only person, other than plaintiff, who has personal knowledge as to the reasons why plaintiff was falsely "charged" with plagiarism and why similarity checkers, such as Turnitin, were engaged.

Professor Gould's presence at any trial involving plaintiff is paramount. Accordingly, this would support plaintiff's preference to have the matter in the Eastern District of Pennsylvania. It was disingenuous for defendant to cite a number of witnesses who had no personal knowledge of this matter, but conveniently leave out the key witness, Professor James M. Gould.

The other people mentioned by defendant in its attachment to the motion for transfer are either largely tangential witnesses or where they live is not indicated. Defendant does not indicate whether any of these witnesses live in the Eastern District of Pennsylvania.

Plaintiff's choice of forum is entitled to deference by the Court. There is no question that Penn State has several campuses in the Eastern District of Pennsylvania. Accordingly, defendant does not contest that venue is proper.

It should be noted that while defendant claims that traveling to the Philadelphia area for witnesses is burdensome, when the distance is a little over 100 miles, Penn State, in its initial scholarship letter to Trisha Tshudy on December 18, 2019, states that Philadelphia is easily accessible to those at the Dickinson Law School. See Exhibit B. Now, PSU contradicts itself, by saying in its motion for transfer, that Philadelphia is a burdensome forum.

**CONCLUSIONS OF LAW**

Plaintiff incorporates her prior statements under the factual section of this memorandum as though fully set forth herein. Accordingly, this memorandum of law will be brief, since plaintiff is primarily arguing with the application of defendant's law to the facts in this case.

Initially, it should be noted that the Court scheduled a hearing on plaintiff's request for a permanent or preliminary injunction for 9/7/22. This is a continued hearing for 9/14/22 by Order of the Court. The complaint, still unanswered, was filed on 8/21/22.

If plaintiff's hearing on 9/14/22 is continued again, it will be virtually impossible for plaintiff to obtain injunctive relief. The Dickinson Law School of Penn State University commenced classes on 8/22/22. If plaintiff is not reinstated in law school through the upcoming hearing, it may be too late for plaintiff to begin her third year of law school. Thus, the equitable nature of an injunction and the interest of justice, which are factors under the transfer of venue, indicate that venue should remain in the Eastern District. See 28 U.S.C. 1404(a).

Defendant's statements that all witnesses are in the Middle District is incorrect. Besides Professor Gould, another critical witness is the person who submitted plaintiff's paper in question to Turnitin and to another similarity checker. The identity of this person is unknown. What settings defendant used on the machine and their training in the use of Turnitin is crucial. It is also a crucial question whether there was permission by Ms. Tshudy, since Turnitin requires consent of plaintiff, which she did not give. (See Plaintiff's Complaint at paragraph 34.)

Of course, plaintiff's choice of forum is entitled to deference by the Court. A motion to transfer venue pursuant to U.S.C. 1404 (a) is within the broad discretion of

the Court.  *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997).  Defendant notes in its motion that Penn State has several campuses in the Eastern District, so it should be on notice that it may be subject to jurisdiction in the Eastern District.  This is not the first case litigated against Penn State in the Eastern District.

If Ms. Tshudy's case is transferred to the Middle District, plaintiff will have to pay for additional hours of travel time by her lawyer or spend money to retain a new lawyer in the Middle District.  Plaintiff lacks the financial means to do either, since she is a severely disabled law student, dependent on a support dog.  Either way, this may mean the end to Ms. Tshudy's case.  Dickinson Law School has granted plaintiff accommodations to take her classes remotely because of her disability.  A factor in denying a motion to transfer venue is that a transfer could increase the plaintiff's litigation costs by requiring her to obtain new legal representation.  *DeFazio v. Hollister Employee Share Ownership Trust* 406 F. Supp. 2d 1085 (E.D. Cal. 2005)

For all these reasons, plaintiff requests that the motion for transfer of venue be denied.

                                        Respectfully submitted,
                                        /s/ William C. Reil
                                        William C. Reil, Esquire
                                        Attorney for Plaintiff
                                        Attorney I.D. No. 26833
                                        1420 Locust Street, Suite 420
                                        Philadelphia, PA  19102
                                        215-564-1635
                                        09/12/22

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

_____ Regular First Class Mail

_____ Facsimile

_____ Certified Mail

_____ Hand-Delivered

_____X_____ Electronic Filing

_____ Federal Express


/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
09/12/22

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

EXHIBIT "A"

 100%        Search the website 



I need to... ⌄

The
# DISCIPLINARY BOARD
*of the Supreme Court of Pennsylvania*

**FOR ATTORNEYS    FOR THE PUBLIC    CASES    NEWS & MEDIA    ABOUT**

*Quick Links*

❮ Back to Search

**BROWSE RULES**
*Browse the Rules that govern attorneys.*

# Gould, James Matthew

**FILE A COMPLAINT**
*File a complaint against an attorney.*

*Public Information*

*Pending Proceedings*          *History*

**LOOK UP AN ATTORNEY**
*View an attorney's contact information and disciplinary history.*

| | |
|---|---|
| **Attorney ID:** | 48083 |
| **Current Status:** | Active |
| **Date of Admission:** | 12/15/1986 |
| **Employer:** | RatnerPrestia |
| **Address:** | RATNER PRESTIA PC<br>2200 RENAISSANCE BLVD STE 350<br>KING OF PRUSSIA, PENNSYLVANIA 19406<br><br>UNITED STATES |

**SEARCH OPINIONS**
*Search Supreme Court and Disciplinary Board Opinions.*

**RECENT CASES**



EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

EXHIBIT "B"

From: Rogers, Lori M
To: Saidman-Krauss, Bekah Anna
Cc: Rogers, Lori M
Subject: Trisha Tshudy Admission Offer FW: Penn State Dickinson Law
Date: Thursday, February 10, 2022 9:01:48 AM
Attachments: image001.png
image002.png

---

**From:** Rogers, Lori M
**Sent:** Wednesday, December 18, 2019 2:25 PM
**To:** TTSHUDY3@GMAIL.COM
**Subject:** Penn State Dickinson Law

December 18, 2019

Dear Trisha,

**You did it!** On behalf of Dean Danielle M. Conway and our entire faculty, I am thrilled to offer you admission to Penn State Dickinson Law's Class of 2023! As a Dickinson Law alumna, I am both delighted and proud to welcome you to our community of innovative thinkers, reputable scholars, and passionate advocates.

In recognition of your accomplishments and in anticipation of the contributions that we hope you will bring to Dickinson Law, I am pleased to offer you a full-tuition scholarship. Your scholarship will be renewed automatically in your second and third years so long as you remain in good standing under the honor code and academic rules.

Because you were admitted to Dickinson Law through our binding Early Decision program, you contractually agreed to enroll at Dickinson Law in the fall semester if admitted. To honor this commitment, your initial deposit of $500 is due no later than January 15, 2020. Additionally, you must withdraw any pending applications to other law schools, and you may not initiate any new applications.

The best way to learn about us—or any law school, for that matter—is to visit in person. Because we believe that you will appreciate the Dickinson Law difference when you arrive on campus, we are happy to provide you with a travel stipend to reduce the cost of your visit. We will be hosting three dedicated admitted student events in the spring semester, but you are welcome to visit us at any time. We are conveniently located about 20 minutes outside of Harrisburg, the state capital, as well as an easy drive or a short train ride from Philadelphia (120 miles), Washington, D.C. (115 miles), Baltimore (90 miles), and New York City (190 miles). Please contact us to schedule your visit.

For 185 years, Dickinson Law graduates have included the nation's most distinguished attorneys, judges, government and corporate leaders, and legal educators. We could not be more excited to invite you to become part of this long and proud history of distinction. We believe that you are an exceptional applicant and will have many offers from which to choose,



but we hope that you will make the decision to join Dickinson Law's Class of 2023! In the meantime, feel free to join the Facebook group for Dickinson Law's Class of 2023 to connect with your future classmates.

To reserve your seat and your scholarship, you will need to pay two nonrefundable $500 deposits, the first of which, as mentioned, is due January 15. Please visit the admitted student section of our website (dickinsonlaw.psu.edu/2023) for more detailed information about academic standing, deposit payments, scholarship retention, travel stipends, and much more. Should you have any additional questions in the coming months or if you would prefer to speak with someone over the phone, do not hesitate to reach out to the admissions office directly at 717-240-5207.

Sincerely,

**Bekah Saidman-Krauss**
Assistant Dean for Admissions & Financial Aid
Penn State Dickinson Law
Lewis Katz Hall
150 South College Street
Carlisle, PA 17013

