LAW OFFICES OF WILLIAM C. REIL
BY: WILLIAM C. REIL, ESQUIRE
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635     ATTORNEY FOR PLAINTIFF

| TRISHA TSHUDY | : | UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|---|
| v. | : | 2:22-cv-03336 |
| | : | Honorable Wendy Beetlestone |
| PENNSYLVANIA STATE UNIVERSITY | : | JURY TRIAL DEMANDED |

## JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN: PLAINTIFF'S EXCEPTIONS

**A. Lack of Agreement**

Defendant's counsel contacted plaintiff's counsel on 09/09/22 with a proposed Rule 26(f) statement and invited plaintiff to insert plaintiff's claims, defenses, and relevant issues under Section 1(a) of defendant's proposed plan. Plaintiff did not do this, as there were parts of the proposed discovery plan with which plaintiff did not agree. Plaintiff indicates the following exceptions and/or amendments to defendant's plan.

**B. Plaintiff's Claims**

Plaintiff has used paragraphs 23-25 of the complaint, inclusive, as a summary. They read as follows:

The gravamen of this lawsuit arises out of the violation of plaintiff's due process rights and rescission of her scholarship, going into her third year of law school at Dickinson. Plaintiff was denied rudimentary due process at her honor code hearing, was denied counsel, and was forced to confront a so-called similarity checker, *inter alia*. These machines were not used in plaintiff's other courses.

Dickinson discriminated against the plaintiff by violating her right to

accommodations under the ADA, the very accommodations Penn State University agreed to and memorialized on which the plaintiff detrimentally relied. Plaintiff was required to take her online final exams on campus when such action was deleterious to her health.

When plaintiff learned from the Bursar's Office that her scholarship had been revoked without proper procedure, her First Amendment rights were then violated. She was instructed by Dean Conway not to speak with anybody on campus concerning what the Bursar had told her. Defendant retaliated and discriminated against plaintiff arising out of exercise of her rights as a disabled person. The effectual refusal to allow financial services to communicate with the Plaintiff until the completion of the affirmative action review is retaliation.

**C. Plaintiff's Discovery**

Plaintiff will request discovery from Penn State University and its Dickinson Law School of all employees, professors or other agents of Penn State who had contact with plaintiff relevant to the allegations of her complaint. This would also include information and standards on Turnitin and the other similarity checker used on plaintiff's paper, as well as any standards or information which Penn State has on the similarity checkers, agreement from plaintiff to have her paper submitted to such devices, and how the plaintiff's score was assessed.

Plaintiff needs information concerning reasonable accommodation with respect to plaintiff's disability. Plaintiff would request to depose, at a minimum, Professor Gould, who was plaintiff's professor and a witness at the Honor Board hearing, and Dean Conway and others ultimately involved in the withdrawal of plaintiff's scholarship.

In addition, plaintiff would need discovery on all information concerning failure to allow plaintiff to obtain a promised loan by failing to allow her to communicate with necessary employees of Penn State who were needed to enroll for her third semester. Plaintiff would request the ability to supplement this discovery, particularly since plaintiff has not received the transcript of the hearing at Dickinson Law School.

Plaintiff objects to providing the documents which are already in the possession of Penn State University.

### D. Formal Discovery

This is not a standard track case. Defendant has requested 8 - 12 depositions. Accordingly, plaintiff would request the following:

- Proposed Discovery Deadline: 04/13/23.
- Proposed Dispositive Motion Deadline: 05/12/23.
- Proposed Response to Dispositive Motion Deadline: 06/13/23.

### E. Expert Witness Disclosures

There may be a need for experts involving the similarity checkers, including Turnitin, used by defendants on plaintiff's paper. There is also an issue as to whether the results of Turnitin should have been legally admitted and whether they tainted information at plaintiff's honor board hearing.

Respectfully submitted,<br>
/s/ William C. Reil<br>
William C. Reil, Esquire<br>
Attorney for Plaintiff<br>
Attorney I.D. No. 26833<br>
1420 Locust Street, Suite 420<br>
Philadelphia, PA  19102<br>
215-564-1635<br>
09/12/22

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached document (s) was served upon all other parties or their counsel of record by:

|  |  |
|---|---|
| _____ | Regular First Class Mail |
| _____ | Facsimile |
| _____ | Certified Mail |
| _____ | Hand-Delivered |
| _____X_____ | Electronic Filing |
| _____ | Federal Express |

/s/ William C. Reil
William C. Reil, Esquire
Attorney for Plaintiff
09/12/22